

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2005

# Intl Hott II v. City of Elizabeth

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2818

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Intl Hott II v. City of Elizabeth" (2005). *2005 Decisions.* Paper 1188.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1188

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2818

———

INTERNATIONALLY HOTT II,
a Partnership

Appellant

v.

CITY OF ELIZABETH, NEW JERSEY,
a Municipal Corporation;
PATRICK MALONEY; GLENN HENNINGS;
ANDREW LAZARCHICK; MARTIN STARR;
STEVEN NEGREY; JAMES MALONE;
MANNY GROVA; ANDREW PATERNOSTER;
IRIS BROWN; ROBERT JASPAN;
EDWARD JACKUS; ANTHONY MONTEIRO;
PATRICIA PERKINS-AUGUSTE;
JOHN DOES 1 THROUGH 10

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 96-cv-01447)
District Judge: The Honorable William G. Bassler

———

Submitted Under Third Circuit LAR 34.1(a)
Date: May 13, 2005

(Filed: May 16, 2005)

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>.

Internationally Hott II appeals the District Court's order dismissing its application for review of the Planning Board's decision and denying its application for enforcement of the settlement and appointment of a Special Master.

Since the late 1990s, Hott has been attempting to open a nude juice bar and restaurant in the City of Elizabeth, New Jersey. In 1996, Hott brought a complaint challenging an Elizabeth ordinance against nude dancing and the District Court declared the ordinance invalid. Thereafter, Hott and Elizabeth entered into a settlement agreement. The settlement allowed Hott to open its nude juice bar in a contemplated location and gave the District Court continuing jurisdiction over disagreements regarding the terms of the settlement. In 2002, the court granted Hott's motion to enforce the settlement. In 2003, Hott[1] applied to the Elizabeth Planning Board for site approval and other bulk variances. The application was denied. Instead of filing an action in state court, Hott looked to the District Court to enter an order. The District Court concluded that it did not

———

[1]In 2003, Hott assigned its rights to T&B Club 1 & 9 Restaurant, but for simplicity, we will keep referring to the Appellant as Hott.

have subject matter jurisdiction to review the Planning Board's decision and denied Hott's other applications.

On appeal, we must decide whether: (1) the District Court erred in concluding that it lacked subject matter jurisdiction to review the Planning Board's decision; (2) the relief Hott sought was within the scope of the settlement agreement between the parties; and (3) the District Court should have appointed a Special Master. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm the judgment of the District Court.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

II.

We decide that the District Court did not err in concluding that it lacked subject matter jurisdiction to review the Planning Board's decision. An adjudication of municipal actions or zoning board and planning board decisions are accomplished by actions in lieu of prerogative writs. See N.J. Ct. R. 4:69-1. The proper venue for such actions is the New Jersey Superior Court, law division. See Cell South of N.J., Inc. v. Zoning Bd. of Adjust. of West Windsor Township, 796 A.2d 247, 250 (N.J. 2002).

III.

We must decide also whether the relief Hott sought was within the scope of the

settlement agreement between the parties. The District Court correctly held that "[n]either the settlement agreement with the City nor the Constitution gives Plaintiff the blanket right to open its business without complying with applicable land use regulations and obtaining the appropriate site plan approvals." (Dist. Ct. Op. at 24.) Even if the relief was within the scope of the settlement agreement, the District Court could not enforce the settlement against the Planning Board because the Board was never a party to the underlying litigation or the settlement agreement.

IV.

The final issue is whether the District Court should have appointed a Special Master to ensure that the settlement was implemented going forward. Appointment of a Special Master is warranted to: (1) perform duties consented to by the parties; (2) hold trial proceedings and make findings of facts if there is an "exceptional condition" or the issues involve a "difficult computation of damages;" or (3) address pre-trial and post-trial motions that cannot be addressed effectively by a judge. Rule 53(a), Federal Rules of Civil Procedure. These circumstances do not exist in this case and the District Court correctly denied Hott's application for appointment of a Special Master.

* * * * *

We have considered all contentions of the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.

———